FILED

2010 Oct-20  PM 12:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JODI RYAN,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:10-CV-2331-RDP** |
| | } | |
| **CITIMORTGAGE, INC., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on Defendants Citimortgage, Inc., ABN AMRO Mortgage Group, Inc., and Mortgage Electronic Registration Systems, Inc.'s (collectively the "Moving Defendants") Motion to Dismiss (Doc. # 5), filed August 30, 2010, and Defendant First Commercial Bank's Motion to Dismiss (Doc. # 8), filed September 7, 2010.  The court also has before it Plaintiff's Emergency Motion to Vacate Judgment/Order (Doc. # 15), filed September, 15, 2010.  In the interest of efficiency, all three motions will be addressed in this Memorandum Opinion.

Defendants argue that Plaintiff's suit is barred by the doctrine of *res judicata* and, even if it were not so barred, the case is due to be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has moved the court to vacate an unspecified judgment presumably related to a foreclosure on her home.

For the reasons stated below, the court finds Defendants Citimortgage, Inc., ABN AMRO Mortgage Group, Inc., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Doc. #5) and Defendant First Commercial Bank's Motion to Dismiss (Doc. # 8) is due to be granted. Plaintiff's Emergency Motion to Vacate Judgment/Order (Doc. #15) is due to be denied.

## I.      STANDARD OF REVIEW

When deciding a Motion to Dismiss under Rule 12(b)(6), the court must accept "the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (citation omitted).  Generally, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twomly*, 550 U.S. 544, 555 (2007) (citation omitted).  It  does, however, "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting and explaining the decision in *Twombly*).  To be plausible on its face, the claim must contain enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Additionally, a complaint may be dismissed for failure to state a claim "when its allegations . . . show that an affirmative defense bars recovery on the claims." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc).

## II.     BACKGROUND FACTS

On May 11, 2010, Plaintiff filed suit against Citimortgage, Inc., ABN AMRO Mortgage Group, Inc., First Commercial Bank, Foundation Mortgage Group, Electronic Registration Systems, and others.  *Ryan v. Citimortgage, Inc.*, No. 2:10-cv-01471-WMA (N.D. Ala.) (Doc.

#1, Exhibit A)[1].  Plaintiff alleged that Defendants violated the Truth in Lending Act, the

Consumer Protection Act, the Real Estate Settlement Procedures Act, and the Home Ownership

and Equity Protection Act.  Plaintiff further alleged that the Defendants were in collusion and

had in engaged in predatory lending practices.  The complaint did not reference a specific loan

transaction or property, nor did it include any dates or other references to identify the disputed

transaction.  *Ryan v. Citimortgage, Inc.*, No. 2:10-cv-01471-WMA (Doc. #1, Exhibit A).

On June 10, 2010,  Defendants removed that case to the Northern District of Alabama

pursuant to 28 U.S.C. § 1331 and it was assigned to the Honorable William Acker.  While the

case was pending before Judge Acker, Defendants filed several documents relating to loan

transactions between the parties.  Defendant ABN AMRO Mortgage filed a Notice of Note and

Mortgage, including as exhibits a promissory note between Plaintiff and ABN AMRO Mortgage

and a Mortgage for the property located at 1549 Deer Valley Drive; both Documents were signed

on March 14, 2005. *See Ryan v. Citimortgage, Inc.*, No. 2:10-cv-01471-WMA (Doc. #23,

Exhibits A & B).  First Commercial Bank also submitted documents related to a home equity line

of credit against the property at 1549 Deer Valley Drive.  *See Ryan v. Citimortgage, Inc.*, No.

2:10-cv-01471-WMA (Doc. #20, Exhibits A-E) (the agreement for the home equity line of credit

is dated April 25, 2007).  On July 16, 2010, Judge Acker dismissed the case with prejudice.

*Ryan v. Citimortgage, Inc.*, No. 2:10-cv-01471-WMA (N.D. Ala. July, 16 2010).

On August 8, 2010, Plaintiff again filed suit against Citimortgage, Inc., ABN AMRO

---

[1]The court takes judicial notice of the proceedings in *Ryan v. Citimortgage, Inc.*, No.
2:10-cv-01471-WMA for the limited purpose of determining the applicability of res judicata. *See
ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) (noting that a court
may take judicial notice of its own records).

Mortgage Group, Inc., First Commercial Bank, Foundation Mortgage Group and Electronic Registration Systems, Inc., alleging breach of contract, various fraud claims, and a claim based on non-bona fide signatures.  Plaintiff cites the Coinage Act of 1792, Article I, Section 8, Clause 5 of the U.S. Constitution, and Article I, Section 10, Clause 1 of the U.S. Constitution, as the legal basis of her claims.[2]  In her complaint, Plaintiff asks that her debt relating to the property commonly known as 1549 Deer Valley Drive be discharged.  (Doc. #1, Exhibit 1 at 4-14, ¶¶ 2-33).  Plaintiff asserts that "the bank used the note [created by the transaction between the parties] to engage in [a] criminal act giving Plaintiff illegal consideration and breaching the agreement." (*Id.* at 11, ¶ 17).  She further alleges that "[o]n and before the 19th day of March, 2005, defendant advertised and/or represented to the plaintiff that it would lend money to the plaintiff upon defendant's acceptance of plaintiff's credit worthiness.  Instead defendant lent nothing to the plaintiff." (*Id.* at 14-16).  Specifically, Plaintiff complains that "Defendant has failed or refused to disclose the true source of funds used by it to purchase the promissory note.  Gold and silver coins are the only lawful money to purchase the promissory note pursuant to the Coinage Act of April 2, 1792." (*Id.* at 12, ¶ 20).  Plaintiff asserts that "Defendant misrepresents the source of funding for the note they insisted on[;] [that] the bank creates money by the ledger entries; . . . that there was a misrepresentation as to the nature of the writing the Plaintiff was told to sign pursuant to the alleged agreement;" and that she was never told that "the promissory note was to be used by Defendant . . . to facilitate the creation of money in Defendant's account." (*Id.* at 12-

---

[2] Plaintiff also alleges that Defendants violated MCLA 440-2609 and MCLA 440-3302 ((Doc. #1, Exhibit 1 at 10, ¶¶ 9-10).  Although this court cannot be certain about what legal provisions Plaintiff is referring to, it appears that she is alleging violations of Michigan's Commercial Code.   However, Michigan law is not applicable to the current litigation and will not be considered.

13, ¶¶ 22, 25-26.)  In other words, Plaintiff appears to protest the "payment of [her] debt based on allegations that the nation's banking system created money by its ledger entries and that the money needed to be paid in gold and silver coins."  *Carrington v. Federal National Mortgage Assoc.*, No. 05-CV-73429-DT, 2005 WL 3216226 at *2 (E.D. Mich. Nov. 29, 2005) (interpreting a complaint containing identical language to the complaint filed by Ryan).

On August 27, 2010, Defendants removed this case to this court and this case was assigned to the undersigned.  Defendants Citimortgage Inc., ABN AMRO Mortgage Group Inc., Mortgage Electronic Registration Systems Inc., and First Commercial Bank filed motions to dismiss.  (Doc. ##5 & 8).  Both motions contain loan documentation as exhibits.  Citimortgage, ABN AMRO, and Mortgage Electronic Registration Systems's motion contains the promissory note and mortgage dated March 14, 2005. (Doc. #6, Exhibits B & C).[3]  First Commercial Bank included the loan documents related to the 2007 home equity line of credit.  (Doc. #9, Exhibits B-D). These documents are identical to the documents filed by the parties in the first lawsuit. Both motions argue that the suit is barred by the doctrine of *res judicata* and, alternatively, that Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff filed a response on September 10, 2010.  (Doc. #13).  However, this response fails to address most of Defendants' arguments; in fact, the response is identical to the Objection to Motion to Dismiss filed in the previous law suit.  (See *Ryan v. Citimortgage, Inc.*, No. 2:10-cv-01471-WMA (Doc. #22).  A

---

[3] It is appropriate for a district court to consider "a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In his context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted). The loan documents attached to Defendants' Motions to Dismiss meet both of these criteria.

review of both responses shows that each contains arguments related to the Truth in Lending Act and Home Ownership and Equity Protection Act, neither of which are claims in the current lawsuit.

While the Motions to Dismiss (Doc. ##5 & 8) were pending, Plaintiff filed an Emergency Motion to Vacate Judgment/Order. (Doc. #15 ).  Although it is not entirely clear what relief Plaintiff seeks in her motion, she appears to be asking the court to vacate a judgment of foreclosure in a state court proceeding.  However, Plaintiff does not identify the state court proceeding, or even the order she wishes the court to vacate.  Defendants timely filed their response arguing that the motion is moot because the case should be dismissed, that this court has no jurisdiction to vacate a state court foreclosure, and that Plaintiff failed to offer support for her request for relief. (Doc. #16).

Finally, on October 12, 2010, Plaintiff filed an Objection to Motion and Injunction and Stay to Illegal Foreclosure Pending Hearing of Case in Its Entirety.  (Doc. #7).  Although Plaintiff is objecting to a motion, it is unclear which motion. Assuming the motion challenged is one of the motions filed by Defendants, the objection is overruled.  To the extent that this filing is a motion to stay, the court will consider it as a supplement to Plaintiff's Emergency Motion to Vacate Judgment/Order. (Doc. #15).

III.    **ANALYSIS**

A.  ***Res Judicata***

The doctrine of *res judicata* will operate as a bar to subsequent action if: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action

are same." *Jang v. United Tech. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (citations omitted).

Further, *res judicata* applies not only to the precise legal theory presented in the case, but to all

legal theories and claims arising out of the same nucleus of operative fact. *NAACP v. Hunt*, 891

F.2d 1555, 1561 (11th Cir. 1990).

Plaintiff previously filed suit against, among others, the Defendants in this case for

alleged violations of the Truth in Lending Act, the Consumer Protection Act, the Real Estate

Settlement Procedures Act, and the Home Ownership and Equity Protection Act.  That lawsuit

was removed and subsequently dismissed by Judge Acker. *Ryan v. Citimortgage, Inc.*, No. 2:10-

cv-01471-WMA (N.D. Ala. July, 16 2010). In his Order, Judge Acker stated:

> [H]er complaint is so deficient as to fail to staisfy the pleading
> requirements set out in Rule 8(a), Rule 9(b), and Rule 10(b), F.R.Civ.
> P., as interpreted by the United States Supreme Court in *Bell Atlantic
> Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.
> Ct. 1937 (2009). It is lacking in colorable merit and in most respectes it
> is frivolous. Even considering the wide latitude courts afford *pro se*
> litigants, and assuming *arguendo* that Ryan's complaint is sufficient to
> meet the pleading requirements of the Federal Rules of Civil Procedure,
> her claims are nonetheless facially barred by the applicable statutes of
> limitation. . . . The action as against ABN AMRO Mortgage Group,
> Inc., . . . Citimortgage, Inc., Mortgage Electronic Registration Systems,
> . . . and First Commercial Bank is **DISMISSED WITH PREJUDICE**.

*Id.* (emphasis in original).

In order for the July 16, 2010, Order to act as a bar to the lawsuit currently before this

court, all of the criteria required in *Jang* must be met.  The first three criteria are easily

established.

First, the initial judgment was made by a court of competent jurisdiction.  The original

complaint contained alleged violations of federal law, including the Truth in Lending Act (15

7

U.S.C. § 1601 *et seq.*) and the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 *et seq.*).

As both of these acts specifically provide for jurisdiction in United States District Courts (*see* 15

U.S.C. § 1640(e) & 12 U.S.C. § 2614), Judge Acker had competent jurisdiction over the first

suit.

Second, Judge Acker's order was without question a final judgment on the merits.  "A

judgment dismissing a suit with prejudice constitutes an adjudication of the merits as fully and

completely as if the order had been entered after trial and bars a later suit between the same

parties on the same cause of action." *American Heritage Life Ins. Co. v. Heritage Life Ins. Co.*,

494 F.2d 3, 8 (5th Cir. 1974)[4] (citing *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326

(1955)).  The order dismissing the first lawsuit clearly stated that the dismissal was with

prejudice, and as such it is a final judgment on the merits.

Third, the parties are the same in both the current case and in the prior case: in both cases,

Jodi Ryan sued ABN AMRO Mortgage Group, Inc., Citimortgage, Inc., Mortgage Electronic

Registration Systems, and First Commercial Bank.

The final requirement is that the prior and present causes of action must be the same.

Two claims constitute the same cause of action "if a case arises out of the same nucleus of

operative fact, or is based on the same factual predicate, as a former action." *Ragsdale v.*

*Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999) (citation omitted).  One question to ask

is whether the claims arise out of the same transaction or series of transactions.  *Id.*  A review of

both suits shows that they arise out of the loan transaction involving the property at 1549 Deer

---

[4]Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding as precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Valley Drive.  This is clearly stated in the complaint filed in this case. And while the complaint

filed in the prior action does not contain an indication of what loan transaction is the basis of

Plaintiffs complaint,[5] a review of the record shows that the claims in this law suit stem from the

same loan transaction regarding the property at 1549 Deer Valley Drive. ((Doc. #1, Exhibit 1 at

9, ¶ 2).  In the conclusion of her complaint, Plaintiff indicates that "[o]n or before the 19th day of

March, 2005, defendant advertised and/or represented to the plaintiff that it would lend money to

the plaintiff upon defendant's acceptance of plaintiff's credit worthiness." (Doc. #1, Exhibit 1 at

14-16).  By all indications, Plaintiff is referring to the March 2005 transaction between herself

and ABN AMRO Mortgage Group. As in the prior case, the Defendants in this case have

included the documents from the March 2005 loan and April 2007 Home Equity Line of Credit

as exhibits to their motions.  These documents provide the only indication with regards to which

transaction Plaintiff is referring.  These loan documents show that the claims in this lawsuit arise

out of the same transactions (the March 2005 residential home loan and April 2007 Home Equity

Line of Credit) as the prior lawsuit.  Because the claims in both law suits arise out of the same

transaction, they are considered the "same cause of action."  The fact that the claims alleged in

this second lawsuit are different that the claims alleged in the first lawsuit has no bearing on the

preclusive effect of the first lawsuit.  The preclusive bar pertains not only to claims that were

raised in prior action, but also to claims that could have been raised.  *Davila v. Delta Air Lines,*

*Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003). Accordingly, Judge Acker's July 16, 2010, order of

---

[5]The exhibits filed by the defendants (specifically the loan documents concerning the
March 2005 loan and April 2007 home equity line of credit) in the first lawsuit demonstrate that
the underlying transaction that Plaintiff was complaining of was the loan transaction regarding
1549 Deer Valley Drive.

dismissal precludes Plaintiff from prosecuting a lawsuit based on violations that stemmed from the two loan transaction challenged unsuccessfully in that case.

### B.      Failure to State a Claim

The court alternatively finds that even if Plaintiff's claims were not barred by the doctrine of *res judicata*, the claims against Defendants are due to be dismissed because Plaintiff has failed to state a claim upon which relief could be granted.  Rule 8 of the Federal Rules of Civil Procedure specifies that a complaint must contain "a short and plaint statement of the claim showing the pleader is entitled to relief." Fed. R.Civ. P 8(a)(2).  If the complaint fails to state a claim upon which relief may be granted, a motion to dismiss may be granted pursuant to Rule 12(b)(6). Fed. R. Civ. P 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint is not sufficient if it only contains "'naked assertions' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).  When the complaint is filed by a *pro se* litigant, as is the case here, the complaint will be held to less stringent standards.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  However, even with the more liberal construction accorded a *pro se* litigant's complaint, it must still set forth some cognizable claim.

The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard.  The first principle is that, in evaluating motion to dismiss, the court must assume the veracity of the *well-pleaded factual* allegations; however,

the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949-50.  The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 1950. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts.  That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.*  If the court determines that well-pleaded facts, accepted as true, do not state a claims that is plausible, the claims must be dismissed. *Id.*

To say that the complaint in question here contains very sparse factual allegations would be an understatement.  Aside from the allegation that Defendants claim to have a valid mortgage and an alleged lien against property commonly known as 1549 Deer Valley Drive (Doc. #1, Exhibit 1 at 10, ¶ 6-7), the only other specific allegation is that "On and before the 19th day of March, 2005, defendant advertised and/or represented to the plaintiff that it would lend money to the plaintiff upon defendant's acceptance of plaintiff's credit."  (Doc. #1, Exhibit 1 at 14-16).  The other allegations are conclusory and fall into the "defendant-unlawfully-harmed-me" variety of accusation. There is no factual content that allows the court to "draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).  The factual allegations required to survive a motion to dismiss do not have to be detailed, but "must be enough to raise a right to relief above the speculative level on the assumption that the allegations in the complaint

11

are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  The factual allegations in

Plaintiff's complaint simply fail to meet this threshold under even the most generous reading.

This same conclusion has been reached by other courts when reviewing virtually identical

complaints.  In 2007, the District Court in the Eastern District of Michigan dismissed a complaint

because it lacked any factual allegations relating to the material elements of the claim.  *Copeland*

*v. Ocwen Bank, FSB*, No. 06-14817, 2007 WL 496448 at *3 (E.D. Mich. Feb. 12, 2007).  The

claims contained in *Copeland* are identical to the ones contained in the complaint in the instant

case (although the court acknowledges there are at least three places where the wording differs

slightly, but those differences are immaterial).  This same language also appeared in an earlier

complaint dismissed by the Eastern District of Michigan for failure to state a valid claim.

*Carrington v. Federal National Mortgage Assoc.*, No. 05-CV-73429-DT, 2005 WL 3216226

(E.D. Mich. Nov. 29, 2005).  In *Carrington*, the court found that "Plaintiff's contentions relating

to the validity of the United States monetary system and the way in which banks 'create' money,

[were] arguments that have repeatedly been found to be without merit." *Id.*  The court also stated

that [Plaintiff's] presentation [was] fundamentally absurd and obviously frivolous." *Id.*

Even if the factual allegations in the complaint were enough to find plausible misconduct

on the part of the defendant, the complaint still fails to state any cognizable claims that would

allow Plaintiff to survive a motion to dismiss.  Plaintiff bases her contract and fraud claims on

alleged violations of the Coinage Act of April 2, 1972, Article I, Section 8, Clause 5 of the U.S.

Constitution, and Article I, Section 10 Clause 1 of the U.S. Constitution. (Doc. #1, Exhibit 1 at

12-13, ¶¶ 20, 26).  Her complaint argues that the nation's banking system created money by its

ledger entries and that the money needed to be paid in gold and silver coins. "This contention is

patently meritless and has been universally rejected by numerous federal courts." *Carrington v. Federal National Mortgage Assoc.*, No. 05-CV-73429-DT, 2005 WL 3216226 at *2 (E.D. Mich. Nov. 29, 2005) (citing *United Sates v. Whitesel*, 543 F.2d 1176, 1181 (6th Cir. 1976); *Birkenstock v. Comm'r of Internal Revenue*, 646 F.2d 1185, 1186 (7th Cir. 1976); and *United States v. Schmitz*, 542 F.2d 782, 785 (9th Cir. 1976), among others). *See also Johnson v. Deutsche Bank National Trust Co.*, No. 09-21246-CIV, 2009 WL 2575703 at *2-4 (S.D. Fla July 1, 2009) (dismissing with prejudice claims based on the theory that only "legal tender" can create a valid and enforceable debt); *Sequeira v. Wells Fargo Home Mortgage*, No. CV 09-0150 SBA, 2009 WL 890463 at *1 (N.D. Cal. Apr. 1, 2009) (dismissing claim complaining that the apparent loan was for credit, not money, with prejudice).

Plaintiff also asserts a claim which requests an original copy of the note of indebtedness. Just as in *Copeland*, this claim, "titled 'Non-Bona Fide Signatures and Original Promissory Note' fails to state a legally cognizable claim as drafted." *Copeland v. Ocwen Bank, FSB*, No. 06-14817, 2007 WL 496448 at *3 (E.D. Mich. Feb. 12, 2007).

The court is fully aware that a *pro se* plaintiff's pleadings are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, this Complaint does not state a cause of action even applying the most liberal pleading standard: all the claims contained in the complaint rely on the repeatedly rejected arguments that the mortgage industry is using ledger entries to create money and that gold and silver coins are the only legal tender. These types of claims have been repeatedly rejected by courts across the country; therefore, granting Plaintiff leave to amend would be futile. *Johnson v. Deutsche Bank National Trust Co.*, No. 09-21246-CIV, 2009 WL 2575703 at *4 (S.D. Fla July 1,

2009) (finding that granting leave to amend would be futile and dismissing the case with prejudice); *Sequeira v. Wells Fargo Home Mortgage*, No. CV 09-0150 SBA, 2009 WL 890463 at *1 (N.D. Cal. April 1, 2009) (finding that any amendment would be futile and dismissing the claim with prejudice); *Carrington v. Federal National Mortgage Assoc.*, No. 05-CV-73429-DT, 2005 WL 3216226 at *2 (E.D. Mich. Nov. 29, 2005)(dismissing case with prejudice).

## IV.    CONCLUSION

Plaintiff's complaint fails to state a claim upon which relief could be granted.  The complaint lacks sufficient factual allegations to find plausible misconduct on the part of the Defendants and even if there were sufficient factual allegations, no cognizable claims were pleaded. Further, even had the complaint stated a claim sufficient to survive a motion to dismiss, the claims would still be barred by the doctrine of *res judicata* because there has been a final adjudication in a prior lawsuit between the same parties for same cause of action.  Accordingly, Defendants Citimortgage, Inc., ABN AMRO Mortgage Group, Inc., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Doc. #5) is due to be granted.  Further, Defendant First Commercial Bank's Motion to Dismiss (Doc. #8) is due to be granted.  Plaintiff's Emergency Motion to Vacate Judgment/Order (Doc. #15) is due to be denied.[6]  This action[7] is

---

[6] Plaintiff's motion does not identify any state court proceeding or an order for the court to vacate. Presumably she wants the court to vacate and/or stay some undisclosed foreclosure proceeding. But even assuming this court knew which proceedings Plaintiff wanted it to vacate/review, and even if Plaintiff had stated a valid argument for granting such relief, the court has substantial questions whether, under the *Rooker-Feldman* doctrine, it has jurisdiction to review or vacate the orders of a state court.

[7] As of October 18, 2010, service has not been completed with regards to the sole defendant remaining in the lawsuit, Foundation Mortgage Group.  While Foundation Mortgage Group was a party to the first lawsuit, the suit against it was dismissed because the Plaintiff failed to prosecute. *Ryan v. Citimortgage, Inc.*, No. 2:10-cv-01471-WMA (N.D. Ala.. Sept. 21,

due to be dismissed with prejudice.[8]

A separate order consistent with this memorandum opinion will be entered.

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum Opinion to

Plaintiff at the following address:

Jodi Ryan
1549 Deer Valley Drive
Hoover, Alabama 35226

**DONE** and **ORDERED** this _____20th_____ day of October, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

2010).  Because that dismissal was not a final judgment on the merits, the claims against it are not barred by the doctrine of *res judicata*.  However, as with the moving Defendants, Plaintiff's complaint fails to state a claim upon which relief can be granted against Foundation Mortgage Group.  Accordingly, the suit against Foundation Mortgage Group is also due to be dismissed, but unlike the other Defendants the dismissal with regards to Foundation Mortgage Group is without prejudice.

[8] The court appreciates the distinction between dismissing this case with prejudice and dismissing the case without prejudice. Because this suit is barred by the doctrine of *res judicata*, it is due to be dismissed with prejudice. However, if the sole rationale for dismissal were Plaintiff's failure to state a claim, the lawsuit would be dismissed without prejudice.